UNITED STATES of America,
Appellee,

v.

Herman ORTIZ, John Doe # 1, aka Supreme, Termaine Ferguson, aka Tretch, William Hathaway, Lisa Hutchins, aka Julie, Julieanna Shea, aka Lisa, Defendants,

Norman Bills, aka Stretch, and Khalif Shabazz, Defendants–Appellants.

Docket Nos. 99–1379, 99–1435

United States Court of Appeals,
Second Circuit.

Submitted: May 22, 2000

Decided: June 30, 2000

Paul S. Kulig, Rutland, VT, for defendant-appellant Khalif Shabazz.

Gary G. Shattuck, Assistant United States Attorney (Charles R. Tetzlaff, United States Attorney, David V. Kirby, Chief, Criminal Division), Rutland, VT, for appellee.

Before: SACK and McLAUGHLIN, Circuit Judges, and CEDARBAUM, District Judge.**

PER CURIAM.

Khalif Shabazz appeals from a judgment of conviction of the United States District Court for the District of Vermont, J. Garvan Murtha, Chief Judge, entered upon Shabazz' plea of guilty to conspiracy to distribute crack cocaine in violation of 18 U.S.C. §§ 846 and 841(a)(1). The only issue before us is whether the district court erred in refusing to grant Shabazz a downward adjustment for acceptance of responsibility under the federal sentencing guidelines. For the reasons set forth below, we affirm.

 Under the guidelines, a sentencing court may reduce a defendant's offense level by up to three points if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a) (1998). A defendant who enters a guilty plea is not automatically entitled to an adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1, Commentary, Application Note 3. Although a guilty plea, combined with truthful statements about the defendant's offense and other relevant conduct, is "significant evidence" of acceptance of responsibility, it can be outweighed by conduct that is inconsistent with acceptance of responsibility. *Id.* Among the factors a court may consider is the defendant's "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1, Commentary, Application Note 1(b). A district court's finding that a defendant has not accepted responsibility for his offense "will not be disturbed unless it is without foundation." *United States v. Rivera,* 96 F.3d 41, 43 (2d Cir.1996).

 In this case, the district court acted within its discretion in denying Shabazz an adjustment for acceptance of responsibility. Shabazz pleaded not guilty at his arraignment on November 24, 1997. He was released on the condition, *inter alia,* that he not illegally use a controlled substance while on release. While on release, Shabazz tested positive for cocaine[1] and marijuana. Shabazz admitted to using marijuana on January 13, 1998. After taking Shabazz' guilty plea on February 12, 1998 and noting Shabazz' violation of his conditions of release, the district court released Shabazz on the condition that he not illegally use drugs and advised him that "if you violate [the conditions] again, you're going to be confined."

Nonetheless, over the next month, Shabazz repeatedly tested positive for marijuana use. The district court gave Shabazz another chance when it denied a motion by the government to revoke Shabazz' release and continued Shabazz' release and conditions. However, less than two weeks later, the government filed a second motion to revoke Shabazz' release based on continued drug use, including Shabazz' use of drugs on the very day of the prior hearing. The district court granted the government's motion and or-

---

** Honorable Miriam Goldman Cedarbaum, Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. The district court made no factual finding with respect to cocaine use by Shabazz while on release.

dered Shabazz detained. A year later, the district court granted a motion by Shabazz for release on conditions pending sentencing. Shabazz admitted to using marijuana while on release during that period as well.

At Shabazz' sentencing, he and the court engaged in a lengthy discussion concerning his violations of his conditions of release. The court explained, "I give people chances. But, Mr. Shabazz, frankly, I've given you too many chances and you haven't been able to comply...." Later, the court stated that "the term I would use for you, Mr. Shabazz, is manipulate the system. And I think you've manipulated me; I think you've manipulated the government and your family. And you're not going to do it again at this point. All right? So we've had enough." The court also remarked, "I let you out on your promise to me that you're going to behave yourself. And then you go right back to using marijuana or using a drug, anyway." These statements show that the district court weighed the relevant considerations and concluded that despite Shabazz' guilty plea, he had not accepted responsibility for his offense.

Relying on *dictum* in *United States v. Woods*, 927 F.2d 735 (2d Cir.1991), Shabazz argues that the district court abused its discretion in denying him an acceptance of responsibility adjustment. In *Woods*, we affirmed the district court's denial of an acceptance of responsibility adjustment based on a number of factors considered by the district court, including drug use while on release pending sentencing. However, we noted in passing that "[w]e are doubtful whether [defendant's drug use] would, standing alone, provide an adequate ground for denying [defendant] a sentence reduction. Continued drug abuse may well signify addiction and dependence rather than lack of contrition." *Id.* at 736.

■ Our *dictum* in *Woods* does not limit the discretion of sentencing courts to determine whether a defendant has accepted responsibility for his offense. "The sentencing judge is in a unique position to

evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, Commentary, Application Note 5. The sentencing court acted within its discretion in finding that Shabazz had "manipulated the system" and had failed to accept responsibility for his actions. Shabazz used marijuana on multiple occasions despite representations that he would not do so if continued on release. The district court's conclusion that Shabazz had not accepted responsibility for his offense was not "without foundation." *Rivera*, 96 F.3d at 43; *see United States v. Rickett*, 89 F.3d 224, 227 (5th Cir.1996); *United States v. Dawson*, 52 F.3d 631, 634 (7th Cir.1995).

Accordingly, the judgment of the district court is affirmed.