09-2139-cr
United States v. Blount

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand ten.

PRESENT: JON O. NEWMAN,
              JOHN M. WALKER, JR.,
              GERARD E. LYNCH,
                    *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee,*

          v.                                No. 09-2139-cr

CHARLIE BLOUNT JR.,
                    *Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:     Deirdre A. Murray, Assistant Federal Defender for Thomas G. Dennis, Federal Defender, Hartford, Connecticut, on submission.

FOR APPELLEE:      Edward Chang, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, on the brief), for Nora R. Dannehy, United States Attorney for the District of Connecticut, on submission.

Appeal from the United States District Court for the District of Connecticut (Alvin W. Thompson, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Charlie Blount Jr. appeals from a sentence of 48 months in prison imposed for a conviction, following a guilty plea, of conspiracy to commit fraud in connection with access devices in violation of 18 U.S.C. § 1029(b)(2), for his role in an internet "phishing" fraud conspiracy that ensnared over 250 victims and resulted in losses of over $120,000. We assume the parties' familiarity with the relevant facts and procedural history of this case, and the issues presented on this appeal.

Blount argues that the district court erred in denying an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), both because he had established that he merited such an adjustment, and because the district court failed adequately to explain its reasons for denying the adjustment. "Under the guidelines, a sentencing court may reduce a defendant's offense level by up to three points if he 'clearly demonstrates acceptance of responsibility for his offense.'" United States v. Ortiz, 218 F.3d 107, 108 (2d Cir. 2000), quoting U.S.S.G. § 3E1.1(a) (1998). "A district court's determination that a defendant is or is not entitled to a § 3E1.1 reduction, based on its evaluation of the defendant's acceptance of responsibility, is a predominantly factual determination 'entitled to great deference on review,'" United States v. Paredes-Batista, 140 F.3d 367, 380 (2d Cir. 1998), quoting U.S.S.G. § 3E1.1, and we will not overturn it "'unless it is without foundation,'" Ortiz, 218 F.3d at 108, quoting United States v. Rivera, 96 F.3d 41, 43 (2d Cir. 1996).

2

Blount argues that "the record provides no indicia of the district court's reasoning" for the denial of the adjustment. This argument is unavailing. After he pleaded guilty, but before he was sentenced, Blount was arrested pursuant to a state warrant for selling heroin three times to an undercover officer. The government moved to deny the adjustment on the sole ground that Blount's conduct in selling heroin established that an acceptance of responsibility adjustment was not warranted. At the sentencing hearing, both defense counsel's and the government's argument as to whether Blount should be granted the adjustment revolved around the arrest. Finally, after stating that Blount did not deserve the adjustment, the district court stated that "[i]f there's something going on in the state proceedings [involving Blount's arrest] where you wanted an opportunity to have him be able to contest it and say I was wrongfully charged, I would be willing to give him an opportunity to do that. But otherwise, I would grant the government's motion [to deny the adjustment]." This was followed by Blount's attorney's statement that the sentencing could proceed without any such opportunity to challenge the state court charges.

Because the only reason discussed by the parties or the court to deny the adjustment was Blount's arrest for selling heroin, and because the district court's statement immediately prior to denying the adjustment makes indisputably clear that the basis for the denial was his arrest for heroin, Blount's argument that the district court gave an insufficient explanation for the denial of the adjustment fails. See United States v. Jeffers, 329 F.3d 94, 102 (2d Cir. 2003) ("[T]he record sufficiently explains the

3

rationale for the District Court's denial of [defendant-appellant's] motion [for an acceptance of responsibility adjustment]."); cf. United States v. Ortega, 94 F.3d 764, 768 (2d Cir. 1996) (noting that district court's findings must be sufficient to enable meaningful appellate review).

Because Blount did not challenge the denial of the adjustment before the district court, it is reviewed for plain error. See United States v. Verkhoglyad, 516 F.3d 122, 127-28 (2d Cir. 2008); United States v. Whab, 355 F.3d 155, 158 (2d Cir. 2004) (noting that to find plain error there must be (1) error, (2) that is plain, (3) that affects substantial rights, and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings). A defendant's repeated instances of selling drugs is sufficient to find that he or she has not truly accepted responsibility for his crimes. See United States v. Fernandez, 127 F.3d 277, 285 (2d Cir. 1997) ("One factor that the sentencing court may take into account in deciding whether a defendant has accepted responsibility is whether he has voluntarily terminated all criminal conduct."). While Blount argues that the district court could not rely on Blount's mere arrest, as opposed to conviction, for the state court crime to deny the adjustment, the district court gave Blount the opportunity to stay the proceeding to permit him to challenge the state court charges, but Blount chose not to do so, implicitly conceding that he had no defense to the charges. The district court was therefore justified in presuming his culpability. The decision to deny Blount the adjustment thus was not "without foundation," Ortiz, 218 F.3d at 108, or plainly erroneous.

4

Blount also argues that his sentence was procedurally and substantively unreasonable. We review sentences under a "'deferential abuse-of-discretion standard.'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), quoting Gall v. United States, 552 U.S. 38, 40 (2007). In coming to a reasonable sentence, a district court must consider the factors listed in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines range, and "conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense," in order to reach "an informed and individualized judgment . . . as to what is 'sufficient, but not greater than necessary' to fulfill the purposes of sentencing." Id., quoting 18 U.S.C. § 3553(a).

Blount's argument that his sentence was procedurally unreasonable because it miscalculated the guideline range due to the failure to give the acceptance of responsibility adjustment is unavailing as the district court's decision to deny the adjustment was not erroneous. Blount also argues that the district court did not adequately take into account his history and characteristics, the fact that he had successfully complied with the terms of his pretrial release for three years while his trial was pending, and the fact that he cooperated with the government following his arrest. However, the district court explicitly stated that it considered the § 3553(a) factors, Blount's time on pretrial release, as well as his cooperation with the government. It simply did not weigh these factors as Blount may have liked, emphasizing instead the need for deterrence and Blount's criminal conduct while on release. The district court's explicit consideration of the factors shows that the sentence was procedurally reasonable.

5

Blount's argument that the sentence was substantively unreasonable because it was greater than necessary to achieve the purposes of sentencing is also without merit. Blount's sentence of 48 months in prison, slightly below the guideline range of 51 to 63 months, for his involvement in a substantial fraud, especially when considered in light of his continued criminal conduct while on release during the pendency of the charge, was well within the limits of the district court's discretion. See id. ("We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." (emphasis and internal quotations marks omitted)).

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6