13-1334-cr
United States v. Beltre

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of April, two thousand fourteen.

PRESENT: DENNIS JACOBS,
ROSEMARY S. POOLER,
**Circuit Judges,**
CHRISTINA REISS,
**District Judge.**[*]

- - - - - - - - - - - - - - - - - - - - -X

Unite States of America,

**Appellee,**

-v.-                                                13-1334-cr

Joel Beltre, AKA Matumbo,

**Defendant-Appellant,**

---

[*] Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

**Ismael Canales, AKA Ish, Jose Medina, AKA Lou, Jonathan Rodriguez, AKA Cabo, Nikolaos Antonakos, AKA Mist, Javier Delarosa, AKA Javi, Ivan Canales, Edwin Ruiz, Michael Cotto, AKA Mikey, AKA Gordo,**

**Defendants.**

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**       BERNARD ALAN SEIDLER, New York, New York.

**FOR APPELLEES:**       SARAH E. PAUL, JUSTIN S. WEDDLE, on the brief, for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Joel Beltre ("Beltre") appeals from a judgment of the United States District Court for the Southern District of New York (Sullivan, J.) sentencing him, following a guilty plea, to 66 months' imprisonment for conspiracy to distribute, and possession with intent to distribute, 100 grams or more of a substance containing a detectable amount of heroin. On appeal, Beltre argues that his sentence was procedurally unreasonable because the district court improperly (1) denied him "safety valve" relief pursuant to 18 U.S.C. § 3553(f); (2) applied a 2-point offense level increase for obstruction of justice; and (3) denied him an offense level reduction for acceptance of responsibility. In addition, Beltre challenges the denial of his motion to withdraw his guilty plea. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Sentences are reviewed for procedural error and substantive reasonableness. United States v. Cavera, 550

F.3d 180, 189-90 (2d Cir. 2008) (en banc). "A district court commits procedural error where it fails to calculate the Guidelines range (unless the omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the Section 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." Id. at 190 (citations omitted); see also Gall v. United States, 552 U.S. 38, 51 (2007). If we conclude that there was no procedural error, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall, 552 U.S. at 51. That review "take[s] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." Cavera, 550 F.3d at 190.

The district court properly calculated the Guidelines range of 78 to 97 months' imprisonment, with a mandatory minimum term of 60 months. As explained below, this calculation accounts for the denial of safety-valve relief, the two-level increase to the base offense level for obstruction of justice, and the denial of the three-point reduction for acceptance of responsibility.

The 66-month sentence was also substantively reasonable. The sentence imposed was just six months above the mandatory minimum, and well below the Guidelines range. The district court explained to Beltre at sentencing that "to give you 60 months would be to treat you like someone who fully accepted responsibility and someone who didn't make false statements about counsel and about the plea that I witnessed, and so I think it would be wrong to sentence you to only 60 months." This decision rested well within the district court's discretion.

1. The safety-valve provisions set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 entitle a defendant to "a sentence in accordance with the applicable guidelines without regard to any minimum statutory sentence," but only if (inter alia) "not later than the time of the sentencing hearing the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5). Pursuant to

3

U.S.S.G. § 2D1.1(b)(6), a defendant who meets the safety-valve criteria is also eligible for a two-point offense level reduction.

The defendant bears the burden of proving safety-valve eligibility by a preponderance of the evidence.[1] United States v. Jimenez, 451 F.3d 97, 102 (2d Cir. 2006). In advance of sentencing, the defendant must provide to the government "an exhaustive and truthful portrayal of his knowledge of his offense conduct and all related activity." United States v. Nuzzo, 385 F.3d 109, 119 n.25 (2d Cir. 2004). Unless the defendant discloses all he knows, the safety-valve reduction is properly denied. United States v. Conde, 178 F.3d 616, 620 (2d Cir. 1999). The district court's factual findings in this regard are accepted unless clearly erroneous. United States v. Ortiz, 136 F.3d 882, 883 (2d Cir. 1997).

The record supports the district court's finding that Beltre failed to provide truthful and complete information about his offense. During his plea allocution, Beltre admitted to entering into an agreement to distribute 104 grams of heroin. Just over one month later, Beltre (through new counsel) filed a motion seeking to withdraw his guilty plea, and averred in his attached, sworn affidavit that he had never entered into an agreement to distribute 100 grams or more of heroin, and that his former counsel, Margaret Shalley, had been deficient in numerous respects. In two subsequent safety-valve proffers, Beltre continued to deny that he ever had an agreement to distribute heroin. At a later hearing, Shalley testified that Beltre admitted to her (on several occasions) that he had purchased and resold heroin, in amounts totaling more than 100 grams. Calvin Scholar, Shalley's mentee, also testified that Beltre told Scholar multiple times that Beltre had been involved in sales of heroin in quantities greater than 100 grams. The district court credited the testimony of Shalley and

---

[1] This remains the standard following the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). See, e.g., United States v. Jimenez, 451 F.3d 97, 102 (2d Cir. 2006) ("The fact that mandatory minimums have taken on increased significance after Booker . . . does not undermine our decision to place the burden of proof on the defendant to demonstrate his eligibility for safety-valve relief.").

Scholar, along with Beltre's plea allocution, and determined that Beltre had lied in his affidavit. This finding is amply supported by testimony of Beltre himself and others.

**2.** An enhancement for obstruction of justice is appropriate when a defendant has "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. Where "the defendant has clearly lied in a statement made under oath, the court need do nothing more . . . than point to the obvious lie and find that the defendant knowingly made a false statement on a material matter." United States v. Lincecum, 220 F.3d 77, 80 (2d Cir. 2000) (internal quotation marks omitted). In reviewing an obstruction of justice enhancement, we "accept the district court's findings of fact unless they are clearly erroneous" and "review de novo a ruling that the established facts constitute obstruction of justice." Id. at 80.

The record supports the finding that Beltre lied in his affidavit when he denied entering into an agreement to distribute 100 grams or more of heroin. This statement was directly contradicted by Beltre's own plea allocution and the testimony of both Shalley and Scholar. Beltre's statements therefore support the obstruction enhancement.

**3.** "A defendant who enters a guilty plea is not automatically entitled to an adjustment for acceptance of responsibility." United States v. Ortiz, 218 F.3d 107, 108 (2d Cir. 2000). "Although a guilty plea, combined with truthful statements about the defendant's offense and other relevant conduct, is significant evidence of acceptance of responsibility, it can be outweighed by conduct that is inconsistent with acceptance of responsibility." Id. (internal quotation marks omitted). The sentencing court "'is in a unique position to evaluate a defendant's acceptance of responsibility,' and therefore its determination whether to grant the reduction is 'entitled to great deference on review.'" United States v. Zhuang, 270 F.3d 107, 110 (2d Cir. 2001) (quoting U.S.S.G. § 3E1.1 cmt. n.5).

The record supports denial of a three-point reduction for acceptance of responsibility. The district court found that Beltre submitted a false affidavit, instead crediting

5

the testimony of Beltre's former counsel.  Beltre continued to insist at sentencing that Shalley had made him "plead[] out to heroin," which was "something I didn't do."  This post-plea disavowal of guilt may be treated as inconsistent with acceptance of responsibility.  See U.S.S.G. § 3E1.1 cmt. n.4 ("Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.").

**4.**   A motion to withdraw a guilty plea prior to sentencing is governed by Fed. R. Crim. P. 32(e).  "Although Rule 32(e) provides that a defendant may move to withdraw a guilty plea upon a showing of a 'fair and just reason,' . . . a defendant has no absolute right to withdraw his guilty plea. The defendant bears the burden of demonstrating valid grounds for relief."  United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) (internal citation, quotation marks, and brackets omitted).  "To get permission to withdraw a guilty plea, a defendant must raise a significant question about the voluntariness of the original plea.  A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea."  Id. (internal citation omitted).  We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  Id.

The record confirms that Beltre's plea was voluntary and knowing.  Beltre affirmed that he had read the plea agreement, had "a full opportunity to discuss" the document with his lawyers, and was "able to ask them any questions" he had.  Beltre explicitly denied that anyone was forcing him to sign the plea agreement.  "Considering that statements at a plea allocution carry a strong presumption of veracity, and that his unequivocal admissions under oath contradict his unsupported assertions of pressure, the district court did not abuse its discretion in denying [the] motion."[2]  Torres, 129 F.3d at 715 (internal citation omitted).

---

[2] Beltre argues that the government must demonstrate it suffered prejudice for the court to deny the motion to withdraw the plea.  However, "the government need not demonstrate prejudice where the defendant fails to show sufficient grounds to justify withdrawal of the plea." Torres, 129 F.3d at 715.

For the foregoing reasons, and finding no merit in Beltre's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK