United States v. Zuber

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         REENA RAGGI,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

**UNITED STATES,**

     <u>Appellee</u>,

     -v.-                                 14-518

**ERIC P. ZUBER,**

     <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | E. M. Allen, III, Stetler, Allen & Kampmann, Burlington, Vermont. |
| **FOR APPELLEE:** | William B. Darrow, Wendy L. Fuller and Gregory L. Waples, Assistant United States Attorneys, for Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont. |

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Eric Zuber appeals from the judgment of the United States District Court for the District of Vermont (Murtha, <u>J.</u>) sentencing him principally to 78 months' imprisonment following his guilty plea to conspiring to distribute heroin and cocaine. Zuber contends the district court erred by declining to credit him with acceptance of responsibility, U.S.S.G. § 3E1.1(a), and by declining to consider a non-Guidelines sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Presentence Report recommended a two-level enhancement for obstruction of justice based upon Zuber's "attempts to avoid detection and arrest," including "absconding" from Vermont, and a two-level credit for acceptance of responsibility. The court concluded that the obstruction enhancement was not warranted and declined to credit Zuber with acceptance of responsibility.

"We review a sentence for reasonableness, which is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." <u>United States v. Leslie</u>, 658 F.3d 140, 142 (2d Cir. 2011) (internal quotation marks omitted). Zuber's objection to the district court's finding that he was not entitled to acceptance of responsibility credit is limited to plain error review because Zuber failed to object in the district court. <u>See</u> <u>United States v. Wagner-Dano</u>, 679 F.3d 83, 90 (2d Cir. 2012).

The district court's conclusion that, in light of his flight, Zuber had not "clearly demonstrate[d] acceptance of responsibility" U.S.S.G. § 3E1.1(a), was "well founded," not "without foundation," and certainly not plainly erroneous, <u>United States v. Brennan</u>, 395 F.3d 59, 75 (2d Cir. 2005) (internal quotation mark omitted); <u>see also</u> <u>United States v. Zuber</u>, 118 F.3d 101, 105 (2d Cir. 1997) ("[W]e find no basis for disturbing the defendant's sentence in the fact that the

court, in explaining its decisions both to increase the defendant's offense level for obstruction of justice and to deny the defendant's motion for an acceptance of responsibility departure, noted that the defendant had 'fle[d] the jurisdiction twice.'"); U.S.S.G. § 3C1.1, cmt. n.5 ("Some types of conduct ordinarily do not warrant application of [the obstruction] adjustment but may warrant a greater sentence within the otherwise applicable guideline range or affect the determination of whether other guideline adjustments apply (e.g., § 3E1.1 (Acceptance of Responsibility)).").

The district court was further justified in denying acceptance of responsibility credit because Zuber attempted to minimize his conduct and culpability. For example, while Zuber told the court that "[a]t no time" did he "know that there was a warrant for [his] arrest," the court concluded that he "certainly knew there was somebody looking" for him. That conclusion was well-founded: Zuber's attorney contacted the U.S. Attorney's Office to negotiate his surrender months before his out-of-state arrest. And, in his sentencing memorandum to the court, Zuber claimed that he "exaggerate[d] his importance in the local drug scene" to "convince the officers of his value as an informant/operative" and was therefore faced with an unduly harsh Guidelines range that did not reflect his true culpability. In sum, a "defendant who enters a guilty plea is not automatically entitled to an adjustment for acceptance of responsibility." United States v. Ortiz, 218 F.3d 107, 108 (2d Cir. 2000) (per curiam).

Zuber argues the district court failed to entertain a non-Guidelines sentence and imposed a substantively unreasonable sentence. Not so. The district court considered a non-Guidelines sentence, but found a Guidelines sentence warranted in light of the seriousness of the offense and the need for deterrence. Indeed, the court specifically considered Zuber's personal characteristics, and weighed them against the facts that he had already been through a drug treatment program and that this was his "second appearance before the federal court." And, the 78-month Guidelines sentence was not substantively unreasonable. See generally United States v. Ingram, 721 F.3d 35, 37 (2d Cir. 2013) (per curiam).

3

For the foregoing reasons, and finding no merit in Zuber's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK