19-4046-cr
*United States v. Okerayi*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty.

PRESENT:　JOSÉ A. CABRANES,
　　　　　　GERALD E. LYNCH,
　　　　　　SUSAN L. CARNEY,
　　　　　　　　　*Circuit Judges,*

---

UNITED STATES OF AMERICA,

　　　　　　　　　*Appellee,*　　　　　　　　　19-4046-cr

　　　　　　v.

HAKEEM OKERAYI,

　　　　　　　　　*Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**　　　Elizabeth Latif, Law Offices of Elizabeth A. Latif PLLC, West Hartford, CT.

1

**FOR APPELLEE:**

Erin E. Argo and Susan Corkery, Assistant United States Attorneys, *for* Seth DuCharme, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a December 2, 2019 judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Hakeem Okerayi ("Okerayi") appeals from a judgment of conviction in which he was sentenced to 72 months of imprisonment for conspiracy to import heroin. Okerayi challenges his sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard."[1] We find a sentence to be procedurally unreasonable only where the district court "fails to calculate (or improperly calculates) the [U.S.] Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."[2] We will vacate a sentence as substantively unreasonable only in "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."[3] Generally, we find substantive unreasonableness only when a sentence is "shockingly high, shockingly low, or otherwise . . . would damage the administration of justice."[4]

Okerayi argues first that applying the obstruction-of-justice enhancement under U.S.S.G. § 3C1.1 was improper. We do not agree. Section 3C1.1 of the Guidelines provides for a two-level enhancement to the offense level if "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]"[5]

---

[1] *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (internal quotation marks omitted).

[2] *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted).

[3] *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

[4] *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

[5] U.S.S.G. § 3C1.1.

Conduct constituting obstruction of justice includes "providing materially false information to a judge or magistrate judge" and "providing materially false information to a probation officer in respect to a presentence or other investigation for the court[.]"[6] "On review of a district court's decision to enhance a defendant's sentence for obstruction of justice, we accept the court's findings of facts unless they are clearly erroneous."[7] But "[w]e review *de novo* a ruling that the established facts constitute obstruction of justice, giving due deference to the district court's application of the guidelines to the facts."[8]

Okerayi submits that the enhancement cannot be justified because the District Court failed to make sufficient findings as to his intent. We have explained that it is "essential" that a court applying this enhancement make "a finding that the defendant had the specific intent to obstruct justice, i.e., that the defendant consciously acted with the purpose of obstructing justice."[9] When making a finding as to a defendant's specific intent to obstruct justice, a district court may look to and rely on circumstantial evidence and all reasonable inferences that may be drawn from that evidence.[10] But we have not read our precedent to require the use of magic words at sentencing.[11]

Here, the District Court made reasonably detailed findings in support of its conclusion to apply the obstruction-of-justice enhancement. As an initial matter, the District Court stated its grounds for applying the obstruction-of-justice enhancement and explicitly adopted the factual assertions made in the Presentence Report.[12] The District Court specifically noted Okerayi's repeated "outright lies" to the mitigation specialist, that he had made "utter misrepresentations," and the ways in which he had been "deceptive". The District Court further made findings about Okerayi's state of mind and motivation in making the statements at issue; specifically the District Court noted "everything that he said to that mitigation expert was intended to engender some sort of sympathy or some sort of consideration from the Court with respect to sentencing, to get some sort of leniency."[13] Together, all of these findings were sufficient to support the District Court's determination as to Okerayi's intent to obstruct justice, as is required for the enhancement under

---

[6] U.S.S.G. § 3C1.1, cmt. n.4(F), (H).

[7] *United States v. Pena*, 751 F.3d 101, 105 (2d Cir. 2014) (internal quotation marks omitted).

[8] *Id.* (internal quotation marks omitted).

[9] *United States v. Brown*, 321 F.3d 347, 351 (2d Cir. 2003) (internal quotation marks omitted).

[10] *Id.*

[11] *See Cavera*, 550 F.3d at 193 ("Sentencing is a responsibility heavy enough without our adding formulaic or ritualized burdens.").

[12] *See United States v. Thompson*, 76 F.3d 442, 456 (2d Cir. 1996) ("It is sufficient [to permit appellate review of factual findings] if the court indicates, either at the sentencing hearing or in the written judgment, that it is adopting the recommendations in the PSR."); *compare United States v. Reed*, 49 F.3d 895, 901 (2d Cir. 1995) (holding that remand is appropriate where a court "neither clearly resolves the disputed issue nor explicitly relies on factual assertions made in a [presentence report]").

[13] Gov't Public Br. 27 (quoting Gov't Sealed App'x 141).

Section 3C1.1.[14] Accordingly, we cannot conclude that the District Court committed procedural error.

Okerayi next argues that the District Court committed procedural error by denying a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. We do not agree. Section 3E1.1 of the Guidelines provides for a reduction to the offense level "if the defendant clearly demonstrates acceptance of responsibility for his offense[.]"[15] We have explained that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," his or her determination in that regard is entitled to "great deference on review."[16] Determining whether there has been an acceptance of responsibility is a question of fact; the "district court's determination in this regard should not be disturbed unless it is 'without foundation.'"[17]

Here, in light of its application of a two-level enhancement for obstruction of justice, the District Court determined that Okerayi was not entitled to a reduction based on acceptance of responsibility.[18] But the District Court did not rest its decision solely on that basis. Indeed, the District Court noted the contradiction between Okerayi's guilty plea and his denials to the mitigation specialist concerning his offense conduct, and even observed that Okerayi appeared to still deny his conduct at sentencing. And the Application Notes to Section 3E1.1 of the Guidelines make clear that "[a] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility...."[19]

---

[14] *See, e.g.*, *United States v. McKay*, 183 F.3d 89, 92 (2d Cir. 1999) ("Depending on its content and the context in which it is made, such a lie [to a probation officer] can be regarded as an attempt by the defendant to affect (1) the sentence on the instant offense, or (2) the prosecution and investigation of the criminal activity that is described in the lie or, (3) possibly both."); *United States v. Rodriguez*, 943 F.2d 215, 217 (2d Cir. 1991) (holding that a defendant's false statement to his probation officer "that he had no prior record, when in fact he had been arrested and convicted six times previously" constituted obstruction of justice under § 3C1.1, that the statement was made willfully during the sentencing phase of the instant offense in that case, and was material because "[t]he presence or lack of a criminal history would affect the [defendant's] sentence."); *compare United States v. Young*, 811 F.3d 592, 604 (2d Cir. 2016) (although district court determined that "there was no need to 'articulate [defendants] motivation' in speaking falsely [to a probation officer]— only to find that the statements 'were materially false,'" holding that "there *was* such a need: material falsity is not enough to support application of the [obstruction of justice] enhancement" (emphasis in original)).

[15] U.S.S.G. § 3E1.1.

[16] *United States v. Ortiz*, 218 F.3d 107, 109 (2d Cir. 2000) (quoting U.S.S.G. § 3E1.1, cmt. n.5).

[17] *United States v. Harris*, 13 F.3d 555, 557 (2d Cir. 1994) (quoting *United States v. Irabor*, 894 F.2d 554, 557 (2d Cir. 1990)).

[18] This determination is consistent with the Application Notes to Section 3E1.1, which provides "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, cmt. n.4.

[19] U.S.S.G. § 3E1.1, cmt. n.1(a).

Accordingly, because the District Court's determination that Okerayi did not accept responsibility for his actions was not "without foundation," it will not be disturbed.[20]

Okerayi further argues that his sentence is substantively unreasonable in light of his history, personal characteristics, and health conditions. We conclude, however, that the District Court properly considered all these circumstances, in addition to noting that Okerayi's wife was battling cancer, in imposing a modest downward variance from the Guidelines range of 78 to 97 months recommended by Probation at the sentencing hearing. On reviewing the record as a whole, we cannot conclude that Okerayi's below-Guidelines sentence "cannot be located within the range of permissible decisions."[21]

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the December 2, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[20] *See Ortiz*, 218 F.3d at 108 (internal quotation marks omitted).

[21] *Cavera*, 550 F.3d at 189.