22-2958-cr
*United States v. Jones*

# United States Court of Appeals For the Second Circuit

August Term 2023
Submitted: December 11, 2023
Decided: April 29, 2024

No. 22-2958-cr

UNITED STATES OF AMERICA

*Appellee,*

*v.*

MAALIK ALIM JONES

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of New York
No. 1:16-cr-19-1 , Gardephe, *Judge.*

Before:        Walker, Park, Pérez, *Circuit Judge*s.

Maalik Alim Jones, a United States citizen, pleaded guilty to terrorism-related charges based on his conduct in Kenya and Somalia assisting al-Shabaab, an Islamist military organization.  The district court (Gardephe, *J.*) accepted his plea and sentenced him to 25 years of imprisonment.  Jones now challenges his plea agreement and sentence, arguing that (1) a prior mandate of this Court precluded the government from charging him in a superseding indictment; (2) the language of his plea agreement is ambiguous and inapplicable to him; and (3) his sentence was based on erroneous factual findings and constitutionally impermissible factors—including collective punishment and the sectarian nature of al-Shabaab.  We reject these arguments and **AFFIRM** the judgment of the district court.

————

Joshua L. Dratel, Law Offices of Dratel & Lewis, New York, NY, *for Defendant-Appellant*.

David William Denton, Jr., David M. Abramowicz, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

————

PARK, *Circuit Judge*:

Maalik Alim Jones, a United States citizen, pleaded guilty to terrorism-related charges based on his conduct in Kenya and Somalia assisting al-Shabaab, an Islamist military organization. The district court accepted his plea and sentenced him to 25 years of imprisonment. Jones now challenges his plea agreement and sentence, arguing that (1) a prior mandate of this Court precluded the government from charging him in a superseding indictment; (2) the language of his plea agreement is ambiguous and inapplicable to him; and (3) his sentence was based on erroneous factual findings and constitutionally impermissible factors—including collective punishment and the sectarian nature of al-Shabaab. We reject these arguments and affirm the judgment of the district court.

## I. BACKGROUND

A.   <u>Factual Background</u>

Maalik Alim Jones is a United States citizen, born and raised in Baltimore, Maryland. In 2011, at twenty-six years old, he left the United States for Somalia where he joined the Islamic terrorist organization known as al-Shabaab. The United States Secretary of State had designated al-Shabaab as a foreign terrorist organization in February 2008; in 2012, al-Shabaab swore allegiance to and merged with al-Qaeda.

Jones became a member of a unit within al-Shabaab known as Jaysh Ayman, which has engaged in acts of terrorism against Kenya's civilian population. Jones received three months of training from al-

3

Shabaab, during which he learned how to operate an AK-47 assault rifle and rocket-propelled grenade. He fought Kenyan military forces in a battle in Afmadow, Somalia, near the Kenyan border, where he was wounded. After recovering, he returned to service with Jaysh Ayman and remained a member for about two more years, for a total of four years.

During that time, Jaysh Ayman committed numerous acts of terrorism, including a 2014 attack on the village of Mpeketoni, Kenya and a 2015 ambush on a Kenyan Defense Force base in Lamu County, Kenya. Al-Shabaab also carried out several other acts of terrorism, including a 2013 attack on Westgate shopping mall in Nairobi, Kenya. These attacks killed and wounded scores of civilians, including some Americans. Following the ambush in Lamu County, Kenyan authorities recovered electronic media from the body of a deceased al-Shabaab fighter and provided it to the FBI. The files included videos depicting Jones in the company of prominent al-Shabaab fighters, interacting with or embracing them, and walking around with a firearm. Jones defected from al-Shabaab, and in December 2015, was captured by Somali authorities.

B.    Procedural History

In January 2016, Jones was indicted in U.S. District Court for the Southern District of New York in the first of a number of charging instruments. The Initial Indictment charged Jones with five counts: conspiracy to provide material support to al-Shabaab, in violation of 18 U.S.C. § 2339B (Count One); provision of material support to al-Shabaab, in violation of 18 U.S.C. § 2339B (Count Two); conspiracy to

4

receive military-type training from al-Shabaab, in violation of 18 U.S.C. §§ 371 and 2339D (Count Three); receipt of military-type training from al-Shabaab, in violation of 18 U.S.C. § 2339D (Count Four); and possessing, carrying, and using firearms during and in relation to the above offenses, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(iii), (B)(i)-(ii), and 2 (Count Five).

In September 2017, Jones waived indictment and consented to the entry of a Superseding Information (the "S1 Information"). The S1 Information charged Jones with conspiracy to provide material support to al-Shabaab (Count One); conspiracy to receive military-type training from al-Shabaab (Count Two); and possessing, carrying, and using firearms during and in relation to Count One and Count Two (Count Three). Despite the entry of the S1 Information, the Initial Indictment remained pending.

Immediately after consenting to the entry of the S1 Information, Jones entered a plea agreement (the "First Plea Agreement"). Under the First Plea Agreement, Jones agreed to plead guilty to all three counts in the S1 Information. The Agreement also included the following term:

> It is further agreed that should the convictions following the defendant's pleas of guilty pursuant to this Agreement be vacated for *any reason*, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this

5

Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

Appellee's Br. Add. at 7 (emphasis added). Jones pleaded guilty under the First Plea Agreement.

In June 2018, the district court sentenced Jones for the charges identified by the First Plea Agreement. As relevant here, the district court sentenced Jones to consecutive terms of three years of imprisonment on Count One of the S1 Information; two years of imprisonment on Count Two; and 30 years of imprisonment on Count Three, for a total prison term of 35 years. The district court granted the government's motion to dismiss the five open counts of the Initial Indictment.

In June 2019, the Supreme Court held in *United States v. Davis* that 18 U.S.C. § 924(c)(3)(B) (interpreting "crime of violence")—on which Count Three of the S1 Information had been partly based—was unconstitutionally vague. *See* 139 S. Ct. 2319, 2336 (2019).

Jones then appealed his conviction on Count Three of the S1 Information to this Court. He argued that, under *Davis*, the offenses charged against him in Counts One and Two were no longer "crime[s] of violence" that could serve as predicates for the section 924(c)

6

offense charged in Count Three. *See* 18 U.S.C. § 924(c)(3). The government conceded this point and moved to vacate Jones's Count Three conviction. The government also sought dismissal of Jones's appeal as to his convictions on Counts One and Two, or in the alternative, summary affirmance of those convictions. Finally, the government asked this Court to "remand the case to the District Court for further proceedings, which may include resentencing on the remaining counts, . . . commencement of new charges, or reinstatement of charges dismissed pursuant to the Plea Agreement." Affirmation of Shawn G. Crowley at 10, *United States v. Jones*, No. 18-1752 (2d Cir. Oct. 18, 2019).

In February 2020, this Court vacated Jones's conviction on Count Three and remanded for resentencing on Counts One and Two of the S1 Information. *See United States v. Jones*, No. 18-1752, 2020 WL 9762456 (2d Cir. Feb. 14, 2020). The order stated:

> Upon due consideration, it is hereby ORDERED that the motion is GRANTED with regard to Count Three, which is VACATED, and the case is REMANDED for resentencing on Counts One and Two. *See United States v. Davis*, 139 S. Ct. 2319 (2019); *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019). The Government's motion to dismiss the appeal or for summary affirmance of the convictions on Counts One and Two is DENIED because Appellant has not appealed his convictions on those counts. *See United States v. Greer*, 285 F.3d 158, 170 (2d Cir. 2002).

7

*Id.* at *1.  On remand, the district court denied the government's motion to reinstate the Initial Indictment.  The district court reasoned that because this Court specifically limited its remand to resentencing on Counts One and Two, it had impliedly rejected the government's explicit request for a remand for possible resentencing or reinstatement of charges.  The district court, however, did not preclude the government from seeking a superseding indictment.

In August 2021, the government filed a superseding indictment (the "S2 Indictment"), which charged Jones with the same offenses charged in Counts One through Four of the Initial Indictment.  These were: conspiring to provide material support to al-Shabaab, in violation of 18 U.S.C. § 2339B (Count One); providing material support to al-Shabaab, also in violation of 18 U.S.C. § 2339B (Count Two); conspiring to receive military-type training from al-Shabaab, in violation of 18 U.S.C. §§ 371 and 2339D (Count Three); and receiving military-type training from al-Shabaab, in violation of 18 U.S.C. § 2339D (Count Four).

Jones moved to dismiss the S2 Indictment.  He argued that (1) the entire Indictment violated this Court's mandate, and (2) Counts One and Three of the Indictment violated the Fifth Amendment's Double Jeopardy Clause because they were identical to Counts One and Two of the S1 Information, which remained intact and had supported Jones's previous convictions.  The government opposed the motion.  The district court granted Jones's motion to dismiss Counts One and Three of the S2 Indictment, holding that indictment on those charges violated the Double Jeopardy Clause.  But the

8

district court rejected Jones's argument that the S2 Indictment violated this Court's mandate, and accordingly, denied Jones's motion to dismiss Counts Two and Four.

In June 2022, Jones waived indictment and consented to entry of a new superseding information (the "S3 Information"). Jones then entered a Second Plea Agreement, through which he pleaded guilty to two counts in the S3 Information: conspiracy to provide material support to al-Shabaab (Count One) and receipt of military-type training from al-Shabaab (Count Two). Count One of the S3 Information charged the same offense as in Count One of the S1 Information and carried a maximum prison term of 15 years. Count Two of the S3 Information replaced the conspiracy offense in Count Two of the S1 Information, which had carried a maximum prison term of five years, with a substantive offense that carried a fixed prison term of 10 years.

The Second Plea Agreement contained a standard waiver of Jones's right to appeal:

> It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence at or below the Stipulated Guidelines Sentence of 300 months' imprisonment, and (ii) that the Government will not appeal a sentence at the Stipulated Guidelines Sentence of 300 months' imprisonment.

App'x at 149.

The district court accepted Jones's guilty plea to Counts One and Two of the S3 Information.  It sentenced Jones to 15 years of imprisonment on Count One and 10 years of imprisonment on Count Two consecutively, for a total of 25 years of imprisonment.  The district court also vacated Jones's earlier guilty plea to the surviving counts of the S1 Information.  Jones appealed.

## II. DISCUSSION

Jones argues that this Court's mandate following our February 14, 2020 order precluded the government from charging him in the S2 Indictment and that the terms of the plea agreement were ambiguous and inapplicable to his circumstances.  He also argues that the district court improperly imposed its sentence following the Second Plea Agreement based on erroneous factual findings and constitutionally impermissible factors—including the principle of collective punishment and the sectarian nature of al-Shabaab—and thus the appeal waiver of the plea agreement is unenforceable.

"Findings of fact are reviewed for clear error, and legal conclusions . . . are reviewed de novo."  *United States v. Strange*, 65 F.4th 86, 88-89 (2d Cir. 2023).  "We review a criminal sentence for reasonableness, which 'amounts to review for abuse of discretion.'" *United States v. Kourani*, 6 F.4th 345, 356 (2d Cir. 2021) (quoting *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012)).  Moreover, we have held that a "defendant's knowing and voluntary waiver of his right to appeal a conviction and sentence within an agreed upon guideline range is enforceable."  *United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009).

10

A.    The Mandate Rule

Jones's challenges to his sentence are barred by the appeal waiver in the Second Plea Agreement. *See United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) ("We have long held that waivers of the right to appeal a sentence are presumptively enforceable." (cleaned up)). In the appeal waiver, Jones agreed that he "will not file a direct appeal . . . of any sentence at or below the Stipulated Guidelines Sentence of 300 months' imprisonment," which was the sentence Jones received.  App'x at 149.

Moreover, Jones entered into the Second Plea Agreement knowingly and voluntarily.  The district court explicitly discussed the Agreement, including the appeal waiver, with him during the plea proceeding, and Jones confirmed under oath that he understood it.

THE COURT:  Did you discuss the plea agreement with your attorneys before you signed it?

THE DEFENDANT:  Yes.

THE COURT:  Did you fully understand all the terms in the plea agreement before you signed it?

THE DEFENDANT:  Yes.

THE COURT:  Does this plea agreement constitute your complete and total understanding of the entire agreement between you and the United States government as to these matters?

THE DEFENDANT:  Yes.

THE COURT: Has anyone offered you any inducements or threatened you or forced you to plead guilty or to enter into this plea agreement?

THE DEFENDANT: No.

THE COURT: You should understand that in the plea agreement you are giving up your right to appeal your sentence or to challenge your sentence in any way or at any time so long as I sentence you to 25 years' imprisonment or less. Do you understand that?

THE DEFENDANT: Yes.

Appellee's Br. Add. at 29.

Jones argues that his challenge to this Court's mandate overrides the appeal waiver, rendering it unenforceable. This is incorrect. Whether a particular charge or sentence is consistent with a mandate of this Court does not raise the sort of jurisdictional question that can survive a guilty plea waiver. *See United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) ("[A] defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."); *United States v. Balde*, 943 F.3d 73, 89 (2d Cir. 2019) ("A *jurisdictional* argument—*i.e.* one that would survive waiver by a valid guilty plea—is one where a defendant demonstrates that the face of the indictment discloses that the count or counts to which he pleaded guilty failed to charge a federal offense." (quotation marks omitted)). We have said that a "waiver of appellate rights is unenforceable . . . when the sentence

12

was imposed based on constitutionally impermissible factors, . . . when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (citations omitted). A challenge to this Court's mandate, on the other hand, does not render an appeal waiver unenforceable.

In any event, the mandate at issue did not bar the government from filing a superseding indictment. Jones argues that the mandate allowed remand solely for resentencing on Counts One and Two of the S1 Information, and that the government was not allowed to reinstate the Initial Indictment or to file a superseding indictment. Jones also claims that the language in the First Plea Agreement allowing for reinstatement of prosecution after vacatur "for any reason" allowed the government to vacate charges and re-charge arbitrarily. He argues that the language nonetheless did not apply to his circumstances because he should not have been penalized for a change in law that he "neither initiated nor anticipated." Appellant's Br. at 17.

Jones's arguments are meritless. As described above, nothing in the language of the mandate expressly or impliedly precluded a superseding indictment. *See Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) ("The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate."). This Court said nothing about the possible reinstatement of charges in its mandate, which left open the

13

possibility of a superseding indictment. While the reinstatement of dismissed charges requires the district court's approval, a superseding indictment does not. *See United States v. Williams*, 504 U.S. 36, 48 (1992) ("The grand jury requires no authorization from its constituting court to initiate an investigation, nor does the prosecutor require leave of court to seek a grand jury indictment." (citation omitted)).

Moreover, the First Plea Agreement unambiguously states that the government may bring new charges if a conviction is vacated "for any reason." Appellee's Br. Add. at 7. Allowing Jones to secure the benefits of the plea agreement while disclaiming its burdens would undermine the purpose of the plea-bargaining process. *See Pearson*, 570 F.3d at 485; *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) ("In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.").

Finally, we note that Jones was not made worse-off under the Second Plea Agreement than under the first. The charges under the Second Plea Agreement carried a maximum sentence of 25 years, ten years fewer than Jones's sentence of 35 years under the First Plea Agreement. The district court properly allowed the government to file the S2 Indictment.

14

B.    Sentencing

Jones argues that the appeal waiver in the Second Plea Agreement is void because the district court relied on erroneous factual findings and constitutionally impermissible factors at sentencing. *See United States v. Doe*, 938 F.3d 15, 19 (2d Cir. 2019) ("[A] judge's material misapprehension of fact . . . may constitute a denial of due process, especially when the defendant lacks an opportunity to reply."); *Gomez-Perez*, 215 F.3d at 319 (recognizing that a waiver may be unenforceable "when [a] sentence [is] imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases").

We disagree. First, the district court did not ignore the record or base its decision on inaccurate information. Jones claims that the district court ignored the reasons Jones presented for his migration to Somalia, including evidence of racial and religious discrimination he had experienced in the United States. But the record is clear that the district court carefully considered Jones's submissions and explanations. *See* App'x at 195 (establishing that the district court read the presentence report, defense submissions and exhibits, the government's sentencing submission, and letters from the government and defense); *id.* at 237-38 (indicating that the district court had considered "information concerning Mr. Jones'[s] horrific childhood and the mental health issues he suffers from that are related to [his] experience"). Jones misconstrues the district court's concern, which was not so much why he moved to Somalia, but rather "what led Mr. Jones to join al-Shabaab in the first place, why he chose

15

to fight for al-Shabaab over the next four years, and why the barbarity and brutal nature of al-Shabaab's activities [did not] convince him to leave that organization long before 2015." *Id.* at 238. The district court also gave Jones the opportunity to correct any factual errors at the end of the sentencing proceeding, and no objections were raised. *See Doe*, 938 F.3d at 19. We discern no clear error in the district court's findings.

Second, the district court did not impermissibly rely on the principle of "collective punishment." Jones contends that the district court considered him guilty by association, effectively holding him responsible for activities of al-Shabaab in which he did not participate. But Jones's conspiracy conviction sufficiently established his personal involvement in al-Shabaab's activities, which belies his claim that he was punished merely for being a member of the group. *See United States v. Farhane*, 634 F.3d 127, 138 (2d Cir. 2011) (recognizing that 18 U.S.C. § 2339B "prohibits the knowing provision of material support to a known terrorist organization," and "[p]roof of such provision (whether actual, attempted, or conspiratorial)," combined with the requisite mens rea, "is sufficient to satisfy the personal guilt requirement of due process"). Jones "agreed with others to provide [him]self as personnel to al Shabaab by traveling to Somalia for that purpose and attending an al Shabaab training camp." Appellee's Br. Add. at 30.

Nor did the district court impermissibly rely on the religiously motivated nature of al-Shabaab's attacks in imposing its sentence. To the contrary, the district court noted undisputed facts about the

16

sectarian nature of al-Shabaab's attacks and considered those facts in weighing the sentencing factors. *See* App'x at 231-32 (considering the fact that al-Shabaab "carries out its terrorist acts in a highly sectarian way"; that "Christians were singled out for slaughter" at the attacks on Westgate Mall and Garissa University College; and that "a Christian village in Mpeketoni, Kenya" was attacked by a Jaysh Ayman unit). This was entirely appropriate. *See, e.g.*, 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant."); *id.* § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

Moreover, consideration of racial or religious motivations of a crime is distinct from improper consideration of a defendant's race or religion alone, and thus is not improper when imposing a sentence. *See., e.g.*, *Barclay v. Florida*, 463 U.S. 939, 949 (1983) ("The United States Constitution does not prohibit a trial judge from taking into account the elements of racial hatred in this murder."); *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 151, 152-54 (2d Cir. 2008) (validating the application of "the hate crime [sentencing] enhancement" which "applies if the defendant intentionally selected any victim on the basis of" "actual or perceived race, color, religion, national origin, ethnicity, gender, disability, or sexual orientation") (cleaned up). In short, the district court did not abuse its discretion in

considering the extraordinarily violent and sectarian nature of al-Shabaab's terrorism at Jones's sentencing.

We see no constitutional deficiencies in the district court's sentencing, and Jones's challenges are barred by the appeal waiver.

## III.   CONCLUSION

We have considered Jones's remaining arguments and find them to be without merit.  Accordingly, we affirm the judgment of the district court.