24-2874
*United States v. Bland*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> MYRNA PÉREZ,
> > *Circuit Judges*,
> VINCENT L. BRICCETTI,
> > *District Judge*.*

_____

UNITED STATES OF AMERICA,

<em>Appellee,</em>

v.                                                                      No. 24-2874

SHATIQUE BLAND, AKA SIR.FLOCC,

<em>Defendant-Appellant.</em>

_____

---

*     Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**    DARRELL FIELDS, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

**FOR APPELLEE:**    THOMAS JOHN WRIGHT (Olga I. Zverovich, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an October 22, 2024, judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Shatique Bland appeals from a judgment of the United States District Court for the Southern District of New York, entered on October 22, 2024, sentencing him principally to sixty months' imprisonment. While selling marijuana outside of bodegas in the Bronx, Bland was seen on surveillance video storing a loaded firearm inside a bodega. Bland was arrested and charged with three counts: possessing a firearm as a person with a felony conviction; possessing with intent to distribute marijuana; and using and carrying a firearm in furtherance of a drug trafficking crime. He pled guilty to the first charge—possessing a firearm as a person with a felony conviction in violation of 18 U.S.C. § 922(g)(1)—as part of a plea agreement with the Government, which agreed to dismiss the remainder of the charges. The plea agreement stipulated that the applicable range under the Sentencing Guidelines was fifty-one to

sixty-three months' imprisonment, and further stipulated that the parties "will not suggest in any way that the Probation Office or the Court consider a sentence outside of the Stipulated Guidelines Range." App'x at 49.

Bland now appeals his sentence, claiming that the Government breached the plea agreement and caused the District Court to impose a sentence based on improper considerations. We affirm because there is nothing in the record to suggest that the District Court was affected by the Government's sentencing arguments at issue.

## I.    **Scope and Standard of Review**

This appeal squarely implicates the plea agreement's appellate waiver: Bland agreed that he "will not file a direct appeal or otherwise challenge . . . any sentence within or below the Stipulated Guidelines Range of 51 to 63 months' imprisonment." App'x at 50. "We have long held that '[w]aivers of the right to appeal a sentence are presumptively enforceable.'" *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (quoting *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010)). If the appellate waiver is enforceable, this appeal must be dismissed. *See, e.g.*, *United States v. Borden*, 16 F.4th 351, 356 (2d Cir. 2021).

Despite the presumption, we have recognized five circumstances where such waivers will not be enforced. The two relevant here are "where the government breached the agreement containing the waiver," and "where the sentence was based on constitutionally impermissible factors, such as ethnic, racial[,] or other prohibited biases." *Cook v. United States*, 84 F.4th 118, 122 (2d Cir. 2023) (alteration in original) (quoting

3

*Burden*, 860 F.3d at 51). If either circumstance is present, then this appeal is not barred by the plea agreement's appellate waiver. Since this threshold inquiry necessarily overlaps with the merits of Bland's challenges to his sentence, we consider those challenges here.

### A.  Standard of Review for Breach of Plea Agreement

"We review a plea agreement in accordance with principles of contract law and look to what the parties reasonably understood to be the terms of the agreement to determine whether a breach has occurred." *United States v. Helm*, 58 F.4th 75, 83 (2d Cir. 2023) (quoting *United States v. Sealed Defendant One*, 49 F.4th 690, 696 (2d Cir. 2022)). "[W]e construe plea agreements strictly against the government and do not 'hesitate to scrutinize the government's conduct to ensure that it comports with the highest standard of fairness.'" *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (quoting *United States v. Lawlor*, 168 F.3d 633, 637 (2d Cir. 1999)).

"An argument that the government breached a plea agreement is reviewed for plain error if the defendant failed to object in the district court." *United States v. Rivera*, 115 F.4th 141, 146 (2d Cir. 2024). Bland concedes that he did not object to the Government's conduct at sentencing. Appellant's Br. 24. We thus deploy plain error review. "To establish plain error, a defendant must demonstrate: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Taylor*, 961 F.3d 68, 81 (2d Cir. 2020) (quoting *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (per curiam)). But even "[i]f all three conditions are met," we would "exercise our discretion to rectify this

4

forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Bleau*, 930 F.3d at 39). Therefore, while a finding that the Government breached a plea agreement is error, that finding "does not end the analysis" for purposes of an unpreserved objection, because the "resulting error must also be plain and affect substantial rights." *Rivera*, 115 F.4th at 151.

### B. Standard of Review for Consideration of Impermissible Factor

Separately, "[w]e review sentences on appeal only for 'reasonableness,'" which includes a procedural component and a substantive component. *See United States v. Park*, 758 F.3d 193, 196–97 (2d Cir. 2014). "Whether a sentence satisfies the objectives enumerated in . . . 18 U.S.C. § 3553(a)—a *substantive* inquiry—depends upon the explanation given by the District Court pursuant to 18 U.S.C. § 3553(c)—a *procedural* requirement." *Id.* Where a defendant failed to raise a procedural unreasonableness challenge at sentencing, we likewise review for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008) (citing *United States v. Villafuerte*, 502 F.3d 204, 208–11 (2d Cir. 2007)).

However, "[w]e have not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014); *see Rivera*, 115 F.4th at 153 (finding sentencing challenges unpreserved and "assuming review under an abuse-of-discretion standard" for the substantive reasonableness analysis). What is clear is that "[o]ur review

5

for substantive unreasonableness is 'particularly deferential.'" *Thavaraja*, 740 F.3d at 259 (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)). "The standard thus 'amounts to review for abuse of discretion.'" *See United States v. Martinez*, 991 F.3d 347, 359 (2d Cir. 2021) (quoting *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc)); *United States v. Jones*, 100 F.4th 103, 109, 112 (2d Cir. 2024) (applying an abuse of discretion standard of review to evaluate challenge to sentence based on constitutionally impermissible factors).

## II.  The Government's Breach of the Plea Agreement

Bland claims the Government breached the plea agreement by implicitly arguing for a sentence above the Stipulated Guidelines Range of fifty-one to sixty-three months. To wit, in its sentencing submission to the District Court, the Government asserted that "in imposing a sentence of 60 months' imprisonment, the Court can reasonably expect that the defendant may serve no more than approximately *27 months*, a shocking reality that the Court can and should consider in setting an appropriate sentence." App'x at 106. It based this assertion on the availability of potential served-time reductions for "exemplary compliance with institutional disciplinary regulations," 18 U.S.C. § 3624(b)(1), for participation in and completion of "evidence-based recidivism reduction programming or productive activities," 18 U.S.C. § 3632(d)(4); 18 U.S.C. § 3624(g)(3), and for successful completion of the Residential Drug Abuse Program ("RDAP"), 18 U.S.C. §

6

3621(e)(2)(B).[1] And at sentencing, the Government argued: "When you look, your Honor, at the nature of the crime, as a guideline sentence, we advocate for 60 months, a guideline sentence above 60 months, indeed a sentence above 60 months, would be reasonable when you think about the quantum of harm that one person inflicted over a sustained period of time." App'x at 159.

We agree that the totality of this advocacy constituted the Government breaching its plea agreement with Bland. The Government—erroneously, as conceded at oral argument—represented to the District Court that Bland would likely serve thirty-three fewer months than the recommended sentence. These representations carried a not-so-hidden message to the District Court: to ensure that Bland actually serves the intended sentence, the District Court would need to impose a much higher sentence. After all, the parties' stipulated range of fifty-one to sixty-three months represents a total range of just twelve months. Moreover, the Government recommended a sentence of sixty months, which is just three months shy of the top of the stipulated range—that margin was the only legitimate increase the Government could argue without running afoul of its commitment not to advocate for more than sixty-three months. Given that context, the

---

[1] The Government attributed a potential twelve months of reductions in Bland's sentence to RDAP. However, Bland is not eligible for any reductions pursuant to RDAP, because his offense "involved the carrying, possession, or use of a firearm." *See* 28 C.F.R. § 550.55(b)(5)(ii). Bland's counsel explained this to the District Court at sentencing. App'x at 153. The Government did not respond at sentencing, but admits this mistake on appeal. Appellee's Br. 19 n.4.

Government's advocacy more clearly pointed towards an upward variance or departure from the stipulated range, rather than a mere three-month increase.

It matters not that the Government did not explicitly request a number above sixty months. Even an explicit disclaimer that the Government is not asking for a sentence above the stipulated range "must be carefully studied in context, and where the government's commentary reasonably appears to seek to influence the court in a manner incompatible with the agreement, we will not hesitate to find a breach, notwithstanding formal language of disclaimer." *United States v. Amico*, 416 F.3d 163, 167 n.2 (2d Cir. 2005); *see Vaval*, 404 F.3d at 153 (explaining that statements of intent at sentencing "do not, however, insulate the government against a finding of breach if in fact what was said constituted an argument about . . . whether to upwardly depart"); *see also United States v. Farias-Contreras*, 104 F.4th 22, 28 (9th Cir. 2024) (en banc) ("[T]he government breaches its bargain with the defendant if it purports to make the promised recommendation while 'winking' at the district court to impliedly request a different outcome." (quoting *United States v. Morales Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014))). The Government's sentencing advocacy here constituted an argument for a sentence above the stipulated range in contravention of the plea agreement.

Furthermore, the very basis of the Government's advocacy is problematic even without considering the limitations imposed by the plea agreement. We recently explained that "district courts may not rely on the potential for earned time credit under

8

the First Step Act as a stand-alone factor to enhance a defendant's sentence," and "cannot lengthen a defendant's sentence based on the BOP's possible reduction of the sentence for participating in a rehabilitation program." *United States v. James*, 151 F.4th 28, 44 (2d Cir. 2025). Among other reasons, this is because "under the First Step Act, a prisoner is not certain to receive earned time credit" since "[t]he decision to award earned time credit is discretionary," and the "decision to extend a sentence based on *potential* earned time credits may therefore rest on an expectation of results that never come to pass." *Id.* at 42. Also, a "defendant's potential future participation in a rehabilitation program is in any event not meaningfully related to their 'background, character, and conduct' for purposes of determining an appropriate sentence." *Id.* at 44 (quoting 18 U.S.C. § 3661).

True, consideration of earned time credits may sometimes be appropriate, if a District Court "*meaningfully* tied its consideration of earned time credit to the § 3553(a) factors." *Id.* at 42 (emphasis added). But it is never the case that earned time credits per se may be considered as part of sentencing, because doing so bypasses the statutory imperative of § 3553, which "directs a district court to consider certain factors 'in determining the particular sentence to be *imposed*,'" *id.* at 41 (quoting 18 U.S.C. § 3553(a)), and not "whether any term of imprisonment that the defendant may ultimately *serve* fulfills those purposes," *id.* (citation omitted).

The Government's sentencing submission cited served-time reductions without meaningfully connecting that consideration to any § 3553(a) factor. *See* App'x at 106–07.

9

When questioned at oral argument on the propriety of doing so in light of *James*, Government counsel asserted that *James* is of little import. Not so. It was improper—and is always improper—for the Government to cite potential served-time reductions as a standalone factor for sentencing. Consideration of such reductions must be meaningfully tied to the § 3553(a) factors—mere lip service will not do. As always, a party may not "repackag[e]" arguments precluded by other statutory limitations under the guise of a § 3553(a) analysis. *See United States v. Amato*, 48 F.4th 61, 66 (2d Cir. 2022).

Even though the Government breached this requirement, however, "[t]o constitute plain error, a resulting error must also be plain and affect substantial rights." *See Rivera*, 115 F.4th at 151. While the Government implicitly requested a sentence higher than the agreed-upon range, the District Court did not take the bait. And while *James* makes clear that the basis for the Government's implicit request was improper, our opinion in *James* was published after sentencing in this case. *See United States v. Aybar-Peguero*, 72 F.4th 478, 487 (2d Cir. 2023) (explaining that errors are plain if "contrary to law that was clearly established" (quoting *United States v. Donziger*, 38 F.4th 290, 303 (2d Cir. 2022))). As such, we discern no plain error resulting from the Government's breach of the plea agreement.

## III. The Government's Sentencing Advocacy Incorporating Potential Bias

Bland also takes issue with the Government's references to his physical stature in its sentencing advocacy, arguing that such references rely on immutable characteristics

and implicate "negative size-related stereotypes about black males." Appellant's Br. 32–34. Specifically, the Government argued at sentencing that Bland is a "tall, powerfully built man," that "what this really is, your Honor, is a very large, powerful man, armed with a gun, selling drugs in a store that people are trying to come in and out of," and that "they're confronted with a six-foot-five adult male, armed, selling drugs every day." App'x at 156–58.

"[A] basic premise of our criminal justice system" is that "law punishes people for what they do, not who they are," which is why "[d]ispensing punishment on the basis of an immutable characteristic flatly contravenes this guiding principle." *Buck v. Davis*, 580 U.S. 100, 123 (2017). It is so important our sentencing be free of illicit bias that we have cautioned "even the appearance that the sentence reflects a defendant's race or nationality will ordinarily require a remand for resentencing." *United States v. Fiore*, 381 F.3d 89, 97 (2d Cir. 2004) (quoting *United States v. Leung*, 40 F.3d 577, 586 (2d Cir. 1994)). Here, the Government provides no satisfactory explanation as to the relevance of Bland's size to his sentencing. While the Government deployed facially neutral language, the worry of course is that these references to size could have the effect of triggering racist or disparaging views even while avoiding overtly racialized language.

There is, however, nothing in the record to suggest that the District Court was influenced by the Government's argument.

11

Accordingly, we discern no error—let alone plain error—in the District Court's sentence, nor did the District Court abuse its discretion in imposing this sentence. Bland's sentence was procedurally and substantively reasonable. *See Park*, 758 F.3d at 196–202 (applying both standards of review under both analyses because where "a district court relies on an improper factor to justify the sentence imposed, it can be difficult, if not impossible, for a reviewing court to evaluate separately the 'procedural' and 'substantive' reasonableness of a sentence"); *Jones*, 100 F.4th at 111–12 (evaluating the district court's sentencing consideration of defendant's association with sectarian militant group for both procedural reasonableness under plain error and substantive reasonableness under abuse of discretion).

## IV.   Conclusion

Although we are reluctant to countenance the Government's breach of the plea agreement, and we are troubled by the nature of the Government's advocacy, we find no plain error or unreasonableness in Bland's sentencing. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12